```
                                                    USDC SDNY
                                                    DOCUMENT
                                                    ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                        DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                       DATE FILED: 2/15/2017
------------------------------------------------------------- X
  CARL DAVIS,                                  :
                                               :
                              Plaintiff,       :
                                               :               1:14-cv-6405-GHW
                  -v -                         :
                                               :               MEMORANDUM OPINION
  JOSEPH MCCREADY,                             :                   AND ORDER
                                               :
                              Defendant.       :
------------------------------------------------------------- X
```

GREGORY H. WOODS, District Judge:

In his second amended complaint, Plaintiff Carl Davis brings a claim against Defendant Joseph McCready, RPA, alleging that he received constitutionally inadequate medical treatment while incarcerated at Riker's Island between June 15, 2014 and June 20, 2014. Defendant has moved to dismiss Plaintiff's second amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendant's motion is GRANTED, and Mr. Davis's second amended complaint is DISMISSED.

I.  BACKGROUND

When Mr. Davis entered the Robert N. Davoren Complex ("RNDC"), a jail on Riker's Island, on June 15, 2014, he was seen by Defendant Joseph McCready, RPA. ECF No. 111, Second Am. Compl. ("SAC"), ¶ 5. Mr. Davis explained to Defendant that he had extreme pain in his legs and back, foot drop, heart problems, sleeping problems, and breathing problems due to asthma and having been shot in the chest. SAC ¶ 5-6. Mr. Davis requested pain medication for the "excruciating pain" in his legs and back, a special therapeutic mattress for his back and sleeping disorder, and a cane to help him walk. SAC ¶ 6-7. Mr. Davis does not expressly allege whether Defendant ever granted these requests. He alleges only that Defendant "purposely ignor[ed]" his "serious medical needs." SAC ¶ 8.

On approximately June 20, 2014, Mr. Davis was transferred to the Brooklyn Detention Center. SAC ¶ 9. Mr. Davis alleges that Defendant failed to document his meeting with Mr. Davis clearly in his medical records before Mr. Davis's transfer to the Brooklyn Detention Center. *Id.* Mr. Davis asserts that he "[s]hould have immediately received the requested medication, mattress and cane" after the transfer. *Id.*

Mr. Davis alleges that Defendant "was fully apprised of [his] medical needs and ignored the risk of ameliorating conditions, extreme pain and debilitating conditions." SAC ¶ 10. He further alleges that he "suffered heart pain, loss of breath, loss of sleep, intense & extreme pain, emotional distress, and other pain as a result of the injury suffered as a result of defendant's unprofessional care." SAC ¶ 11.

Mr. Davis filed his initial complaint on August 5, 2014, bringing claims pursuant to 42 U.S.C. § 1983 against the RNDC "medical department" and "medical director." ECF No. 1. Following an order from the Court to identify the specific defendants in the proceeding, Mr. Davis filed a first amended complaint on March 6, 2015, alleging that a number of defendants, including Mr. McCready, had denied him adequate medical treatment. ECF No. 14. On February 22, 2016, the Court granted the defendants' motions to dismiss for failure to allege facts sufficient to state a claim for deliberate indifference to serious medical needs and granted Mr. Davis leave to replead no later than March 18, 2016. ECF No. 100.

Following numerous extensions to accommodate Mr. Davis's transfer to Riverview Correctional Facility, Mr. Davis filed his second amended complaint on June 29, 2016. ECF No. 111. In his second amended complaint, Mr. Davis names only Mr. McCready as a defendant. *Id.* Defendant McCready filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on August 12, 2016. ECF No. 117. Mr. Davis submitted an affidavit in opposition on November 21, 2016, and Defendant submitted a reply affirmation on December 6, 2016. Dkt Nos. 131, 136.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this plausibility standard, the plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court "must accept all allegations in the complaint as true and draw all inferences in the nonmoving party's favor." *LaFaro v. New York Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009). The Court, however, is not required to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678. A complaint that offers "labels and conclusions" or "naked assertion[s]" without "further factual enhancement" will not survive a motion to dismiss. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

Because he is proceeding *pro se*, the Court must liberally construe Plaintiff's submissions and interpret them "to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original); *see also, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . .") (citation omitted). This mandate "'applies with particular force when a plaintiff's civil rights are at issue.'" *Bell v. Jendell*, 980 F. Supp. 2d 555, 558 (S.D.N.Y. 2013) (quoting *Maisonet v. Metro. Hosp. & Health Hosp. Corp.*, 640 F.Supp.2d 345, 348 (S.D.N.Y. 2009)). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Id.* at 559 (internal quotation marks and citation omitted); *see also Rahman v. Schriro*, 22 F. Supp. 3d 305, 310 (S.D.N.Y. 2014) ("[D]ismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." (citing *Rodriguez v. Weprin*, 116

3

F.3d 62, 65 (2d Cir. 1997))).

### III. DISCUSSION

#### A. Claim for Inadequate Medical Care

To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must show that the defendant "acted under color of state law and that [he] deprived him of a right secured by the Constitution or laws of the United States." *Palmieri v. Lynch*, 392 F.3d 73, 78 (2d Cir. 2004) (citing *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). "Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prisoner medical care will rise to the level of a constitutional violation." *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003). "In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove 'deliberate indifference to his serious medical needs.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).[1] This standard has both an objective and subjective prong: "First, the alleged deprivation must be, in objective terms, sufficiently serious. Second, the defendant must act with a sufficiently culpable state of mind." *Id.* (internal quotations marks and citations omitted). "An official acts with the requisite deliberate indifference when that official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.* (quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)); *see also Caiozzo v. Koreman*, 581 F.3d 63, 65-66.

---

[1] Plaintiff does not specify whether he was a pretrial detainee or a convicted prisoner during the relevant time period. Pretrial detainees in state custody receive "protection against mistreatment at the hands of prison officials under . . . the Due Process Clause of the Fourteenth Amendment," rather than the Eighth Amendment, which is applicable only to convicted prisoners. *Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009). Because Mr. Davis was being held in city jails during the relevant time period and has since been moved to correctional facilities, the Court assumes that he was a pretrial detainee during the events at issue in his second amended complaint. In any event, Mr. Davis's status as a pretrial detainee or a convicted prisoner has no practical effect on the Court's resolution of Defendant's motion, because courts in the Second Circuit analyze claims for constitutionally inadequate medical care "under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment." *Id.* at 72.

### 1. Sufficiently Serious Deprivation

"Determining whether a deprivation is an objectively serious deprivation entails two inquiries." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006). Courts must first determine "whether the prisoner was actually deprived of adequate medical care." *Id.* If so, the Court must then consider "whether the inadequacy in medical care is sufficiently serious." *Id.* at 280. "If the unreasonable medical care is a failure to provide any treatment for an inmate's medical condition, courts examine whether the inmate's medical condition is sufficiently serious." *Id.* at 280. "In cases where the inadequacy is in the medical treatment given, the seriousness inquiry is narrower." *Id.* "For example, if the prisoner is receiving on-going treatment and the offending conduct is an unreasonable delay or interruption in that treatment, the seriousness inquiry focuses on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone." *Id.* (internal quotation marks, alteration, and citation omitted).

### a. Actual Deprivation

In his second amended complaint, Mr. Davis does not expressly allege that he was deprived of treatment after complaining of his various afflictions. Instead, he alleges only that he requested pain medication, a special therapeutic mattress, and a walking cane to alleviate preexisting conditions and, in a separate paragraph, that Defendant "purposely ignor[ed]" his "serious medical needs." SAC ¶¶ 6, 8. However, because Mr. Davis is proceeding *pro se*, and his complaint must be construed liberally, the Court construes Mr. Davis's allegation that Defendant "purposely ignor[ed]" his

5

"serious medical needs" to allege that he did not receive the treatment he requested.[2,3]

### b. Sufficiently Serious

The seriousness standard envisioned by the Eighth Amendment is that of "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *see also Chance*, 143 F.3d at 702 (stating that seriousness standard contemplates a "condition of urgency" that may result in "degeneration" or "extreme pain" (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994))). Factors relevant to the seriousness of a medical condition include whether "a reasonable doctor or patient would find [it] important and worthy of comment," whether the condition "significantly affects an individual's daily activities," and whether it causes "chronic and substantial pain." *Salahuddin*, 467 F.3d at 280 (quoting *Chance*, 143 F.3d at 702).

Because Mr. Davis alleges that he was experiencing extreme pain and difficulty walking during the relevant time period, the Court accepts for purposes of this decision that his second

---

[2] The Court notes that Mr. Davis's first amended complaint clearly alleged that Defendant McCready denied his requests for medication and a therapeutic mattress, but provided him with a cane. *See* ECF No. 14, First Am. Compl., ¶ 11. Ordinarily, an amended complaint "supersedes the original and renders it of no legal effect." *Int'l Controls Corp. v. Vesco & Co.*, 556 F.2d 665, 668 (2d Cir. 1977). However, "[w]here a plaintiff blatantly changes his statement of the facts in order to respond to the defendant['s] [original] motion to dismiss . . . [and] directly contradicts the facts set forth in his original complaint, a court is authorized to accept the facts described in the original complaint as true." *Colliton v. Cravath, Swaine & Moore, LLP*, No. 08-cv-0400 (NRB), 2008 WL 4386764, at *6 (S.D.N.Y. Sept. 24, 2008) (internal quotation marks and citation omitted), *aff'd*, 356 F. App'x 535 (2d Cir. 2009); *but see 2002 Lawrence R. Buchalter Alaska Tr. v. Phila. Fin. Life Assurance Co.*, 96 F. Supp. 3d 182, 206 (S.D.N.Y. 2015) ("[T]he more usual and benevolent option is to accept the superseded pleadings but allow the factfinder to consider the earlier pleadings as admissions in due course." (citation omitted)). The Court need not decide whether to accept the facts alleged in Mr. McCready's first amended complaint as true at this time, as the question of whether Plaintiff actually received a cane would not change the Court's decision on Defendant's motion to dismiss.

[3] In addition to alleging that Defendant failed to provide him with medication, a cane, and a therapeutic mattress, Mr. Davis alleges that Defendant failed, prior to his transfer to the Brooklyn Detention Center, to clearly document in his medical records the conversation during which Mr. Davis told Defendant of his ailments and requested those items. SAC ¶ 9. Although lapses in proper medical record-keeping can support a deliberate indifference claim under the proper circumstances, nothing in the second amended complaint suggests that this alleged lapse caused Mr. Davis any substantial harm. Indeed, even complete failures to forward medical records have been held insufficient absent concrete allegations or proof of resulting harm. *See, e.g., Pabon v. Goord*, No. 99-cv-5869 (THK), 2003 WL 1787268, at *7 (S.D.N.Y. Mar. 28, 2003) (holding that defendants' failure to properly forward plaintiff's medical records to outside medical consultants did not establish deliberate indifference, because "it [was] apparent that they had no impact on Plaintiff's treatment or well-being"); *see also Wood v. Housewright*, 900 F.2d 1332, 1334-35 (9th Cir. 1990) (finding that the failure of prison officials to provide a prisoner's medical records to transferee prison did not rise to level of deliberate indifference because it did not cause "substantial harm"). Additionally, nothing in the second amended complaint suggests that Defendant's failure to document the visit in the way that Mr. Davis thinks proper was the result of anything more than professional judgment or, perhaps, mere negligence.

amended complaint alleges a sufficiently serious medical condition, and thus satisfies the objective prong of the analysis.[4]

### 2. Sufficiently Culpable State of Mind

Although for purposes of this motion the Court has accepted that Mr. Davis's allegations satisfy the objective prong of the deliberate-indifference analysis, they fail to satisfy the subjective prong. "In medical-treatment cases not arising from emergency situations, the official's state of mind need not reach the level of knowing and purposeful infliction of harm; it suffices if the plaintiff proves that the official acted with deliberate indifference to inmate health." *Salahuddin*, 467 F.3d at 280 (citing *Wilson v. Seiter*, 501 U.S. 294, 302 (1991)). "Deliberate indifference is a mental state equivalent to subjective recklessness" and "requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result." *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (quoting *Salahuddin*, 467 F.3d at 280). Thus, in order to state a claim for deliberate indifference to his serious medical needs, a plaintiff must allege that the defendant "knew of and disregarded an excessive risk to [plaintiff's] health and safety." *Caiozzo*, 581 F.3d at 72 (2d Cir. 2009) (quoting *Farmer*, 511 U.S. at 837) (alterations and internal quotation marks omitted). "[T]he official must both be aware of facts from which the inference could be drawn that a

---

[4] Defendant suggests that Mr. Davis has not sufficiently alleged that Defendant, who is a physician assistant, even had the authority to provide the treatment he requested. ECF No. 120, Mem. of Law in Supp. of Mot. to Dismiss ("Def.'s Mem.") at 7. The Court agrees that Mr. Davis's allegations on that subject are less than clear; he merely alleges that Defendant was "duly entrusted, and under contract for the 'care' and health of the prisoners" at RNDC. SAC ¶ 4. However, while a defendant's lack of authority to make the relevant medical decision can defeat a deliberate indifference claim, such an outcome is not ordinarily reached at the pleading stage. *See, e.g.*, *Ippolito v. Goord*, No. 05-cv-6683 (MAT), 2012 WL 4210125, at *7 (W.D.N.Y. Sept. 19, 2012) (granting summary judgment and stating: "In his capacity as a physician's assistant, Edwards did not have the authority to override Dr. Wright and order that Rebetron therapy be administered to Ippolito. Accordingly, the claims against Edwards must be dismissed for lack of personal involvement."); *Jacoby v. Cty. of Oneida*, No. 05-cv-1254 (FJS), 2009 WL 2971537, at *4 (N.D.N.Y. Sept. 11, 2009) (dismissing, on summary judgment, a deliberate indifference claim against a nurse who "lacked the authority to make medical decisions directly related to Plaintiff"). Accordingly, and particularly in light of the obligation to construe Mr. Davis's pleadings liberally and to draw all plausible inferences in his favor, the Court concludes that Mr. Davis's allegations suffice at the pleading stage to show that Defendant was empowered to provide the relevant treatment, and that he denied Mr. Davis the treatment he requested.

substantial risk of serious harm exists, and he must also draw the inference." *Chance*, 143 F.3d at 702 (quoting *Farmer*, 511 U.S. at 837). Negligence is not enough. *Estelle*, 429 U.S. at 105-06 (1976); *Chance*, 143 F.3d at 703.

In dismissing Mr. Davis's first amended complaint, the Court explained that Mr. Davis had not pleaded "any factual allegations" regarding Defendant McCready's state of mind. ECF No. 100, Opinion and Order dated Feb. 22, 2016, at 8. Mr. Davis has not cured that defect in his second amended complaint. He now alleges only that he "suffered from 'deliberate indifference'-as a result of the defendant purposely ignoring the 'serious medical needs' he suffered from." SAC ¶ 8. That conclusory allegation is insufficient to withstand a motion to dismiss. *See Melvin v. Cty. of Westchester*, No. 14-cv-2995 (KMK), 2016 WL 1254394, at *10 (S.D.N.Y. Mar. 29, 2016) ("It is well established that conclusory allegations that medical staff defendants were aware of a prisoner's medical needs and failed to provide adequate care are generally insufficient to state an Eighth Amendment claim of inadequate medical care." (alteration, internal quotation marks, and citation omitted)); *Adekoya v. Holder*, 751 F. Supp. 2d 688, 697 (S.D.N.Y. 2010) (finding conclusory allegations that the defendants were aware of the plaintiff's medical needs and failed to provide adequate care insufficient to defeat a motion to dismiss); *Hidalgo v. Kikendall*, No. 08-cv-7536 (DC), 2009 WL 2176334, at *4 (S.D.N.Y. July 22, 2009) (Chin, J.) (dismissing complaint where defendant's name only appeared twice in the complaint, in "conclusory statements that [he] displayed deliberate indifference to [the plaintiff's] medical needs").

Without more detailed allegations, and particularly in light of the fact that Defendant saw Mr. Davis only once during his brief five-day stay at RNDC, the complaint does not plausibly allege that Defendant was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed *and* that he also drew that inference. Therefore, the motion to dismiss is granted with respect to Mr. McCready's deliberate indifference claim.

8

### B. Other Claims

In addition to deliberate indifference, the second amended complaint makes passing reference to "Due Process," "Equal Protection," and negligence.  With respect to the reference to due process, the Court assumes that Mr. Davis intended only to refer to the Due Process Clause of the Fourteenth Amendment insofar as it is the source of protection against constitutionally inadequate medical care for pretrial detainees in state custody.  *See Caiozzo*, 581 F.3d at 69.  The second amended complaint does not otherwise allege that Defendant placed any burden or restraint on Mr. Davis's life, liberty, or property interests, or that he interfered with any other fundamental right.  Accordingly, the Court does not construe Mr. Davis's second amended complaint to raise any additional due process claim.

To the extent that Mr. Davis intended to raise a claim premised on the Equal Protection Clause of the Fourteenth Amendment, that claim fails.  To state such a claim, a plaintiff must allege "purposeful discrimination directed at an identifiable or suspect class" or that, as a "class of one, he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  *Barone v United States*, No. 12-cv-4103 (LAK), 2014 WL 4467780, at *23 (S.D.N.Y. Sept. 10, 2014) (citations omitted).  Mr. Davis does not allege that he was treated in any particular manner as a result of membership in any identifiable or suspect class; in fact, he does even allege that he is a member of any particular class.  He also does not allege any differential treatment as compared to others similarly situated.  As a result, to the extent that the second amended complaint can be construed to raise an equal protection claim, it is dismissed.

Finally, to the extent that the second amended complaint can be construed to raise a state-law negligence claim, the Court declines to exercise supplemental jurisdiction over it.  *See First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 183 (2d Cir. 2004) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should

be dismissed as well." (quoting *Castellano v. Bd. of Trustees*, 937 F.2d 752, 758 (2d Cir. 1991))).

## IV. LEAVE TO REPLEAD

Courts must "freely give leave" for a plaintiff to replead his claims when "justice so requires." Fed. R. Civ. P. 15(a)(2). Mr. Davis has already received two opportunities to amend his complaint. Nonetheless, despite the fact that Mr. Davis has amended his complaint twice, and chosen to oppose Defendant's motion to dismiss rather than amend a third time, the Court will give Mr. Davis an additional opportunity to replead, because it is not clear that amendment would be futile. See *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 191 (2d Cir. 2015). However, Mr. Davis should not expect that the Court will provide him with any further opportunities to amend, since "[t]hree bites at the apple is enough." *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 168 (2d Cir. 2003) (quoting *Salinger v. Projectavision, Inc.,* 972 F. Supp. 222, 236 (S.D.N.Y. 1997)).

If Mr. Davis believes that he can cure the deficiencies identified in this opinion, he may file a third amended complaint no later than March 14, 2017. If Mr. Davis fails to file a third amended complaint by that date, the action will be dismissed and judgment will enter.

## V. CONCLUSION

For the foregoing reasons, Defendant's motions to dismiss is GRANTED, and Mr. Davis's second amended complaint is dismissed with leave to replead. If Mr. Davis wishes to file a third amended complaint, he must do so no later than March 14, 2017.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 117.

The Court will mail a copy of this order to Plaintiff, along with all unreported decisions cited herein.

SO ORDERED.

Dated: February 15, 2017
New York, New York

_____
GREGORY H. WOODS
United States District Judge